IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:09CV009-1-MU

| | |
|---|---|
| ROBERT E. WILLIAMS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **O R D E R** |
| ) | |
| OFFICER PENNELL, <u>et al.</u>, ) | |
| ) | |
| Defendants. ) | |

**THIS MATTER** comes before the Court for an initial review of Plaintiff's Complaint pursuant to 42 U.S.C. § 1983, filed January 20, 2009.

In his Complaint Plaintiff alleges that on August 8, 2008, the drains in the cell block where he was housed began overflowing and flooded his cell with water which contained feces and urine. Plaintiff states that he asked Defendant Pennell, a correctional officer, to remove him from his cell. Plaintiff also states that he refused his meal tray when it was delivered because he was standing ankle deep in the sewer water. Plaintiff states that he again asked to be removed from his cell but his request was denied. Plaintiff alleges that he was forced to stand in the water for a total of four hours wearing nothing but shower shoes. As a result, Plaintiff asserts that he has contracted a foot fungus for which he has been receiving medical treatment. Plaintiff argues that "[p]rison officials failure to provide a system for ready access for an evacuation to emergencies within the prison or otherwise end my exposure to bacteria and infections amounts to deliberate indifference to an unreasonable risk of harm in violation of the 8th Amendment." Plaintiff seeks twenty thousand

dollars in compensatory damages for pain and suffering and his physical injury. Plaintiff also requests an unspecified amount of punitive damages and a transfer to another prison.

Pursuant to § 1997e(e) of the Prison Litigation Reform Act " [n]o federal civil action may be brought by a prisoner confined in a jail, prison or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." 42 U.S.C. § 1997e(e). Courts have interpreted the "physical injury" requirement to require more than a de minimus injury. See Alexander v. Tippah, 351 F.3d 626, 631-32 (5th Cir. 2003); Mitchell v. Horn, 318 F.3d 523, 536 (3rd Cir. 2003); Oliver v. Keller, 289 F.3d 623, 626-28 (9th Cir. 2002); Harris v. Garner, 190 F.3d 1279, 1287 (11th Cir. 1999); Perkins v. Dewberry, 139 Fed. App'x 599 (4th Cir. 2005)(unpublished). In the instant case, the extent of Plaintiff's alleged physical injury is foot fungus. Such an injury is de minimus. See Cannell v. Multnomah, 141 F. Supp. 2d 1046, 1053-54 (D. Or. 2001)(toe fungus insufficient). Consequently, Plaintiff has failed to state a claim upon which relief may be granted.

Moreover, even if Plaintiff's alleged injury were not considered de minimus his claim would still fail because it does not rise to the level of a constitutional violation. The United States Supreme Court has held that "the Constitution 'does not mandate comfortable prisons' but neither does it permit inhumane ones." Farmer v. Brennan, 511 U.S. 825, 832 (1994). The Eighth Amendment prohibition against cruel and unusual punishment requires that prison officials provide "humane conditions of confinement" including "adequate food, clothing, shelter, and medical care." Id. To prevail on a claim that conditions of confinement constitute a constitutional deprivation, a plaintiff must demonstrate that those conditions fall below the "minimal civilized measures of life's necessities." Rhodes v. Chapman, 452 U.S. 337, 347 (1981). A two-pronged showing is necessary

to demonstrate a prima facie constitutional violation with respect to jail or prison conditions: (1) a serious deprivation of a basic human need; and (2) deliberate indifference to prison conditions on the part of the prison officials.  See Williams v. Griffin, 952 F.2d 820, 824 (4th Cir. 1991); Wilson v. Seiter, 501 U.S. 294, 303 (1991).

Plaintiff's Complaint makes clear that he cannot establish the first prong.  While a flooded cell for four hours is unfortunate, it does not rise to the level of a constitutional violation.  Notably, Plaintiff fails to explain why he chose to stand in ankle-deep water rather than sit on his bed or in a chair. Given the short duration of the condition, combined with the fact that Plaintiff seemingly had options to reduce any physical detrimental impacts of the flooding, this Court concludes that Plaintiff has failed to establish that he was deprived of a basic human need.

Moreover, Plaintiff also cannot establish the second prong.  Plaintiff's allegations do not establish that any of the Defendants were deliberately indifferent.  Indeed, four hours to resolve a flooding issue in a cell block seems very timely.

**IT IS THEREFORE ORDERED that** Plaintiff's Complaint is **DISMISSED** for failing to state a claim.

Signed: February 3, 2009

Graham C. Mullen
United States District Judge